UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

VS                                                                  Cr. Case 13-00318-09 (RBW)

CHRIS ANTHONY MERRIWEATHER

BOND REVIEW MOTION

   COMES NOW DEFENDANT, CHRIS MERRIWEATHER through counsel and respectfully requests that the Court review his bond status and release him into the Court's High Intensity Supervision Program (HISP) with electronic monitoring and a curfew, and further states:

1. An eight (8) count indictment was filed in this case on November 20, 2013. In Count One, Defendant is charged with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, and Five Kilograms or more of Cocaine in violation of 21 USC § 846. A Forfeiture allegation pursuant to 21 USC § 853(a)(p) is included in the Indictment.

2. On December 12, 2013, Mr. Merriweather was arraigned on the indictment.

3. On December 17, 2013, a detention hearing was held before Magistrate Judge John M. Facciola. The Government's oral motion to commit Mr. Merriweather to the custody of the Attorney General was heard and granted. The oral motion for release from custody by Mr. Merriweather was heard and denied.

4. Mr. Merriweather continues to be held at the D.C. Jail without bond.

5. Mr. Merriweather was screened by Pretrial Services and found eligible for the High Intensity Supervision Program.

6. Mr. Merriweather is 47 years old with strong ties to the area.  He was born in Washington, D.C., has lived in the metropolitan area all of his life, is married, is the father of three children, and has lived for the past four years at the same residence on Valley Terrace SE in Washington DC.

7. At the time of his arrest, Mr. Merriweather was employed full-time as a janitor for the Montgomery County Public Schools.

8. If released, Mr. Merriweather would reside at his home on Valley Terrace with his wife and step-daughter.

9. Mr. Merriweather's criminal record includes old convictions: a fifteen-year-old (1998) conviction for robbery in Fairfax, Virginia and a twenty-five-year old (1988) Youth Rehabilitation Act Set Aside conviction for carrying a dangerous weapon.

10. Mr. Merriweather's work history includes employment as a meat clerk at Walmart in 2013, as a meat wrapper and deli service clerk at Safeway from June 2012-January 2013, as a direct care aide at Ward and Ward Mental Health Services from April 2009-May 2012, as a bus operator from October 2008 - January 2009 thru Metro Access Battle Transportation, as a maintenance assistant at DC Housing Authority Project Empowerment from April 2008-October 2008, as a Maintenance Assistant at Spirit of Faith Christian Center, Project Empowerment from Jan 1008-Apr 2008, as an environmental service employee and a store room runner at Georgetown Hospital from Sept 2007-Jan 2008, and as a mover laborer at Brooks Business and Transfer Company from June 2006-August 2007.

11. Mr. Merriweather's certificates of training include:  Roofing 2005, Behavior Support Plan 2009, Individual Support 2009, Human Rights Policy 2009, First Aid 2009, CPR

2009, Health Function 2009, Medical and Dental Care 2009, Adapted Equipment 2009, Incident Management 2009.

12. Mr. Merriweather has a long history of heroin addiction. To deal with his addiction, Mr. Merriweather enrolled into an outpatient drug-treatment program on or about September 11, 2013 at the Good Hope Institute in Washington, D.C.  Mr. Merriweather attended seven sessions from September 9, 2013 – October 31, 2013.

13. Mr. Merriweather has reviewed the wiretap calls allegedly made between himself and a co-defendant.  Approximately 191 calls were reviewed.  Of the 191 calls, approximately 87 were "no answer" calls with no conversation.

14. Many calls were made on the same day.  From early July thru mid-September 2013, the caller (allegedly Merriweather) makes on an average 7-8 calls a day.

15. For instance on July 11, 2013, there are 9 calls of the caller trying to meet up with the supplier.  On July 12, 2013, there are 6 calls between the two, on 7/16/13 there are 9 calls, 9 calls are on July 18, 2013, 5 calls on 7/20/13, 8 calls on 7/25/13, 7 calls on 7/27/13, 9 calls on 7/30/13, 9 calls on 8/5/13, 8 calls on 8/7/13, and 5 calls on 8/10/13.

16. On each call, the caller (allegedly Merriweather) contacts an alleged codefendant each morning for his $50 heroin fix.  During two or three of the wiretaps, the caller is buying for himself and a woman acquaintance.  Nothing more is on the wiretaps or in other discovery material.  The Government's evidence is weak to support a conspiracy conviction.

17. The number of calls shrinks beginning 8/11/13 thru 9/12/13.  During a 9/24/13 call, the caller informs the supplier that he is in a drug treatment clinic, and on October 11, 2013, the supplier is glad to hear that the caller found a new job.

18. No drugs, money, firearms, or drug paraphernalia were located in the defendant's home or automobile or on his person.  No violence, threats or weapons are alleged.

Mr. Merriweather respectfully requests that the Court release him into the Court's High Intensity Supervision Program with electronic monitoring.  Mr. Merriweather is a drug addict, a heroin user.  There is no evidence of redistribution on his part.  The frequency of the calls (daily), the time of day (early in the morning), and the number of calls each day (between 6-8 to catch up with the supplier) c all describe a user.

Since 2006, Mr. Merriweather has maintained steady employment and a stable living environment.  He is forty-seven years old with close family ties to the community. Heightened supervision with electronic monitoring and a curfew is a condition or combination of conditions that would reasonably assure his appearance and the safety to the community.

In determining whether there are conditions of release that will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The government retains the burden of proof by a preponderance where the issue is risk of flight, or by clear and convincing evidence if the issue is danger to a person or the community. *United States v. Vortis*, 785 F.2d 327 (D.C. Cir. 1986).

The weight of the evidence is weak. A review of the discovery in this case shows an addict buying small amounts of drugs for personal use.

The defendant's history and characteristics are impressive. An excellent employment history, a full-time job, a stable living environment, strong family ties to the community, self-motivation to deal with his drug addiction, a criminal record with very old convictions, and the availability of electronic monitoring with a curfew, all establish that pretrial release would not constitute an unreasonable risk of danger to the community.

Based on the above, Chris Merriweather respectfully requests that he be released into the Court's High Intensity Supervision Program pending trial.

                                         Respectfully submitted,
                                         /s/

                                         _____
                                         Cynthia Katkish #418876
                                         601 Pennsylvania Ave., N.W.
                                         Suite 900-South Bldg.
                                         Washington, D.C. 20004
                                         202-997-1386